**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

BERTINA MACKLIN,
　　　　　*Defendant-Appellant.*

No. 03-4240

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-02-94)

Submitted: November 26, 2003

Decided: December 19, 2003

Before SHEDD and DUNCAN, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Craig W. Sampson, SAMPSON LAW FIRM, P.L.C., Richmond, Virginia, for Appellant. Sara Elizabeth Flannery, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia; Captain Randall Warrick Bentley, OFFICE OF THE JUDGE ADVOCATE, Fort Lee, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Bertina Macklin appeals her convictions and 120-month sentence for assault with intent to commit murder, a violation of 18 U.S.C. § 113(a)(1) (2000); assault with a dangerous weapon, a violation of 18 U.S.C. § 113(a)(3) (2000); and assault resulting in serious bodily injury, a violation of 18 U.S.C. § 113(a)(6) (2000). Counsel for Macklin has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which he states there are no meritorious grounds for an appeal, but presenting three issues for review. Although notified of her right to file a supplemental brief, Macklin has not done so. The Government declined to file a brief.

First, Macklin contends that the evidence at trial was insufficient to support the jury's verdicts. In determining whether sufficient evidence supports a conviction, the appropriate inquiry is whether, taking the evidence in the light most favorable to the government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). This court "must consider circumstantial as well as direct evidence, and allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). The jury verdict must be upheld if there is substantial evidence to support it. *See id.*; *see also United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). A defendant challenging the sufficiency of the evidence faces a heavy burden. *See United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997). With these standards in mind, and after reviewing the record, we conclude that the evidence was sufficient to support Macklin's convictions.

Next, Macklin objects to the district court's refusal to depart downward at sentencing on the grounds of Macklin's physical health, the

victim's conduct, and because she asserts that this case presents unusual circumstances not taken into consideration in the formulating of the Sentencing Guidelines. Because Macklin has not shown that the district court's refusal to depart was based on a mistaken belief that it lacked the authority to do so, *see United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990), we find that the district court's decision is not subject to appellate review.

Finally, Macklin contests the district court's decision to allow the admission of evidence of other acts, pursuant to Fed. R. Evid. 404(b). Macklin argues that the Government's notice to her of its intent to use this evidence came unreasonably late. We disagree. Moreover, this court reviews a district court's determination of the admissibility of evidence under Rule 404(b) for an abuse of discretion. *See United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). We conclude that the district court did not abuse its discretion.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Macklin's convictions and sentence. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*